**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30214 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-02065-RMP-1 |
| v. | |
| JESSE ALLEN DAUENHAUER, AKA Jesse A. Dauenhauer, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted December 7, 2018**
Seattle, Washington

Before: THOMAS, Chief Judge, and McKEOWN and CHRISTEN, Circuit Judges.

Jesse Allen Dauenhauer ("Dauenhauer") appeals his conviction for being a

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The officers

who seized and searched his vehicle had probable cause, so the district court did

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

not err in declining to suppress evidence of firearms found in his car. Additionally, first degree assault under Revised Code Washington (RCW) § 9A.36.011 is a crime of violence under U.S.S.G. § 4B1.2(a), so the district court properly accounted for his prior assault conviction in sentencing. We affirm.

Dauenhauer argues the district court should have suppressed evidence of firearms because the seizure and search are inadmissible under Washington state law. "The general rule . . . is that evidence will only be excluded in federal court when it violates federal protections, . . . and not in cases where it is tainted solely under state law." *United States v. Cormier*, 220 F.3d 1103, 1111 (9th Cir. 2000).

Relevant to the suppression analysis is that the seizure and search of Dauenhauer's vehicle adhered to federal law. Probable cause for a search requires "a fair probability that contraband or evidence of a crime will be found in a particular place" and is assessed "in light of the totality of the circumstances." *United States v. Pinela-Hernandez*, 262 F.3d 974, 978 (9th Cir. 2001) (citations and internal quotations omitted). When Officer Graves impounded the car pending issuance of a search warrant, he had probable cause to believe that the car contained contraband. We review de novo questions of probable cause, with "due weight to inferences drawn from [the] facts by resident judges and local law enforcement officers." *United States v. Chavez-Miranda*, 306 F.3d 973, 978 (9th Cir. 2002) (citation and internal quotations omitted).

Graves believed Dauenhauer, whom he knew was a convicted felon, had committed the felony of being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). Witnesses at the scene where Dauenhauer crashed his car identified him driving erratically before the high-speech crash, attempting to leave the scene, and possessing a gun. One witness removed the firearm from the car and put it on the top of the trunk. Graves retrieved the revolver, which was missing its cylinder. He believed the vehicle might contain the missing cylinder. Thus, Graves had probable cause to impound the car while he sought a search warrant.

The search warrants for the car also were supported by probable cause. "We need only find that the issuing magistrate had a substantial basis for finding probable cause." *Chavez-Miranda*, 306 F.3d at 978 (citation omitted). To establish probable cause, an affidavit must show a connection between the evidence and the location to be searched. *Id*.

The supporting affidavit for the first warrant provided the detailed facts recounted above and related to evidence of a federal crime. The affidavit established a fair probability that the cylinder would be in the car. And when Graves found a fully loaded 9 millimeter handgun magazine during the first search, he and the other officers stopped the search and secured a second search warrant for additional firearms.

Finally, the district court did not err in concluding that first degree assault under RCW § 9A.36.011 is a categorical match for a crime of violence under the federal guidelines under U.S.S.G. § 4B1.2(a), and properly determined Dauenhauer's sentencing. "We review de novo whether a state-law crime constitutes a crime of violence under the [Sentencing] Guidelines" and "apply the categorical approach," asking whether the elements of the crime of conviction match the federal definition. *United States v. Robinson*, 869 F.3d 933, 936 (9th Cir. 2017). The elements of the Washington statute "sufficiently match" those of "the generic federal [definition of a crime of violence]." *Id.* The state statute criminalizes intentional behavior and requires bodily injury, which is narrower than the federal guidelines encompassing "threatened use of physical force." U.S.S.G. § 4B1.2(a).

**AFFIRMED.**